MARTIN CUNEY v. WILLIAM CAMPBELL.

April 21, 1899.

Nos. 11,580—(90).

## Vicious Dog—Evidence—Knowledge of Owner.

In an action to recover for injuries caused by a vicious dog, proof of the ferocious character of the animal is quite as essential as is proof of the knowledge of such character by the owner. Evidence of general vicious reputation, in the neighborhood, tends to support the inference of knowledge on the part of the owner, and for this purpose is admissible.

## Same—Repeated Attacks.

When establishing the bad nature of the dog, it is unnecessary to show frequent acts of aggression on man. Proof of one instance of his departure from the ordinary habits of domesticity and becoming of a savage nature seems ample.

## Same—Verdict not Sustained by Evidence.

Held, under these rules, that in this particular case the evidence as to the vicious character of the dog in question was insufficient to support a verdict against the owner.

Action in the district court for Scott county to recover $5,000 damages for injury to plaintiff's minor son resulting from the bite

of a vicious dog. The case was tried before Cadwell, J., and a jury, which rendered a verdict in favor of plaintiff for $175. From an order denying a motion for a new trial, defendant appealed. Reversed.

*H. J. Peck*, for appellant.

Negligence cannot be imputed to the owner unless he had knowledge of the vicious character of the animal, or unless the animal has been vicious for such length of time that the owner must be presumed to have known his character. Muller v. McKesson, 73 N. Y. 195; Fake v. Addicks, 45 Minn. 37. Under this rule the verdict cannot stand.

*F. C. Irwin*, for respondent.

It is true that to hold the owner liable it must be shown that he had knowledge of the vicious propensity of the dog, and thereafter did not keep the animal under proper restraint. Laverone v. Mangianti, 41 Cal. 138, and notes; Fake v. Addicks, 45 Minn. 37. But to constitute notice or knowledge, it is not necessary that the dog should have actually bitten another before he bit plaintiff's son. It is enough if the defendant knew that the animal had evinced a savage propensity by attempting to bite. Worth v. Gilling, L. R. 2 C. P. 1; Judge v. Cox, 1 Stark. 285; State v. McDermott, 49 N. J. L. 163; Kolb v. Klages, 27 Ill. App. 531; Godeau v. Blood, 52 Vt. 251; Cooley, Torts, 344. It is immaterial that several months had elapsed since the dog made its previous attack. Sarch v. Blackburn, 4 C. & P. 297, 300. As to what is sufficient notice, see Smith v. Pelah, 2 Strange, 1263; Mann v. Weiand, 81½ Pa. St. 243; Arnold v. Norton, 25 Conn. 92; Webber v. Hoag, 8 N. Y. Supp. 76; Kittredge v. Elliott, 16 N. H. 77, 81. The viciousness shown by the dog in attacking the boy without warning should be held sufficient proof of vicious character to require defendant to keep him under restraint, without further notice. Webber v. Hoag, supra. There is no rule which requires any particular number of attacks; a single instance with knowledge thereof on the part of the defendant is enough. Arnold v. Norton, supra; Kittredge v. Elliott, supra; Godeau v. Blood, supra.

COLLINS, J.

The facts controlling this case are undisputed, and there is no controversy over the law which governs. Defendant kept a store, near a church, at the junction of two public roads, about one mile from a small village. The store stood on the corner made by these roads, and a lane ran upon one side and one end of the building, so that the public could walk or drive completely around it. Across the lane, a short distance from the store, was his dwelling, approached from the former through a gate in the fence bordering on the lane. We speak of these conditions particularly, because of their bearing upon the only question in the case,—the sufficiency of the evidence to support the verdict. Defendant owned a dog, four years of age, which he had raised from a puppy, and which was about his premises habitually, except as he might follow defendant's team elsewhere. The dog weighed from 100 to 115 pounds, and it is evident that he was a very faithful watchdog, especially when with the horses and wagon.

On the afternoon of the day in question, one of defendant's boys drove his horses and wagon into the village, a younger brother being along, stopping in front of the postoffice for a few minutes. The dog seems to have been partly under the wagon, but where one of the witnesses stepped on the animal as the witness approached to talk with the boys sitting in the vehicle. As the witness expressed it, the dog then grabbed at the offending member. The witness then stood with one foot upon the hub of one of the wheels, and engaged defendant's sons in conversation. A number of boys were about the wagon, some at play, and near by or among them, was plaintiff's son, aged 11 years. Some of these lads threw small pieces of dirt in the direction of the wagon, hitting it and its occupants, and once hitting the witness before referred to, as he stood with his foot upon the wheel. The witness told the boys to stop, and about this time plaintiff's son started to walk or to run in the direction of his home. Just then the dog ran out from under the wagon, and bit the boy above the knee, one of his teeth penetrating about a half inch. It was not shown that plaintiff's son threw any dirt, or did any other act which caused the dog to single him out

from his companions. This action was brought to recover for this injury to the son, and the verdict was for plaintiff.

The authorities are all agreed that, in order to render the owner liable in damages to any one bitten by his dog, it must be proved, not only that the dog is ferocious, but that the owner has knowledge of his ferocious nature or propensity. The gravamen of the action is the neglect of the owner of an animal known by him to be vicious, and liable to attack and injure people, to restrain him so as to prevent the risk of damage. And the notice of such propensity must be such as to put a prudent man on his guard. Fake v. Addicks, 45 Minn. 37, 47 N. W. 450. Proof of the vicious character of the animal is quite as essential in order to sustain a recovery as is proof of the scienter. On this last question, evidence of a general vicious reputation in the neighborhood is admissible, not for the purpose of establishing the fact of the dog's dangerous propensity, but of the public notoriety which this fact has obtained, and as tending to support the inference of the knowledge thereof on the part of the owner. Fake v. Addicks, supra. It is not true, as has often been stated, that "the law allows a dog his first bite," for if the owner has good reason to apprehend, from his knowledge of the nature and propensity of the animal, that he has become evilly inclined, the duty of care and restraint attaches. To omit it is negligence for which an injured party may have the right of action. The owner is not exempt from this duty until the dog has actually indulged in his propensity by attacking at least one person, as the above-quoted saying indicates. Godeau v. Blood, 52 Vt. 251–254. When establishing the bad nature of the dog, it seems unnecessary to show that he has frequently broken through the tameness of his nature into acts of aggression on man. Proof of one instance of his departure from the ordinary habits of domesticity and becoming of a savage nature seems ample. Kittredge v. Elliott, 16 N. H. 77.

The question then is, does the evidence, tested by these rules, justify the verdict? Evidence of the general vicious reputation of the dog was given by the plaintiff himself, and another witness testified that he was reputed to be cross. No attempt was made to go further in this line of proof. To establish the ferociousness of the animal by its own misbehavior, we have the testimony of a single

witness, named Dempsey, confessedly an inexperienced rider upon the bicycle, who testified that once, several months prior to the day of the occurrence now being considered, the dog rushed out upon him as he was wheeling past defendant's store. His statement was that "the dog came out to tackle me, and I fell off the wheel, and I was going pretty good; * * * he attempted to grab me." Nothing more of this affair was shown, nor did the witness know that defendant was present at the time. The latter saw the dog when he ran out, and called him back, and admitted, further, that on two other occasions the dog had shown an inclination to run out as bicycles went past; the occasion testified to by the witness Dempsey being the first time that a bicycle had been driven past the store.

Proof of the previous vicious character of the dog was established, if at all, by this single act; and, taking into consideration the fact that a strange vehicle was being propelled by a man along the highway, at which the dog ran; that it is a matter of common knowledge that the most peaceable of dogs were disturbed by bicycles when they were first used, and were inclined to run out towards them; that in this instance the attack does not seem to have been an aggravated one; and that for at least four years the animal had been about the defendant's premises, which were exceedingly public, without another act of misbehavior, so far as the evidence discloses,—it is our opinion that upon this essential element no case was made for the jury.

Of course, we have not overlooked the circumstances surrounding the attack made on plaintiff's son. But it must be remembered that the dog had just been stepped on, accidentally, by the person who engaged defendant's sons in conversation,—a thing that the best natured and most valuable animal in the world would not take kindly. This was followed by the throwing of dirt at or in the direction of the wagon; and this the dog resented by rushing out and biting plaintiff's son, probably because he was with the other boys, and had just then started to walk or run away. We have examined a large number of adjudicated cases in which the sufficiency of the evidence to sustain a finding that an animal was vicious has been considered. In every one the proof was very much stronger than

in this.    Our conclusion is that defendant's motion for a new trial should have been granted.

Order reversed.