GUSTAF ERICKSON v. WILLIAM G. BRONSON and Others.[1]

October 23, 1900.

Nos. 12,311—(194).

Personal Injury—Vicious Animal.
    Evidence examined and *held* insufficient to sustain a verdict.

Action in the district court for Washington county to recover $10,000 damages for personal injuries. The case was tried before Williston, J., who at the close of plaintiff's testimony granted a motion to dismiss the action. From a judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*J. N. Searles*, for appellant.

*J. C. Nethaway*, for respondents.

BROWN, J.
    Action to recover for injuries inflicted on the person of plaintiff by an alleged vicious bull. The cause was dismissed in the court below at the close of plaintiff's evidence, and plaintiff appeals from a judgment in defendants' favor.

[1] Reported in 83 N. W. 988.

The action was dismissed by the trial court mainly on the ground that the evidence failed to show that the bull was a vicious animal. We have carefully examined the evidence, and agree with the court below. The case cannot be distinguished from Cuncy v. Campbell, 76 Minn. 59, 78 N. W. 878. There is no evidence tending to show that the animal was generally vicious or ugly; in fact, it tends to show the contrary. He was permitted to run at large in the defendants' pasture with other cattle, and at no time did he ever offer to assault or injure any of defendants' employees in charge of such cattle, except on one occasion, when he was misused and abused by one of such employees to such an extent as to excite in the animal his instincts of self-preservation. Other employees, including plaintiff, handled and managed him with perfect freedom, and without fear of injury, and at no time was there ever any attempt to attack them. The attack made upon the "Frenchman" was prompted and caused solely by the misuse and abuse of the animal, and not by reason of a vicious disposition. Such an attack is no evidence of viciousness in the animal (McHugh v. Mayor, 31 App. Div. (N. Y.) 299, 52 N. Y. Sup. 623; Lawlor v. French, 2 App. Div. (N. Y.) 140, 37 N. Y. Sup. 807), and is insufficient to render the owner liable (Lawlor v. French, supra). From a careful examination of the whole record, it is clear to us that the evidence is insufficient to sustain a verdict, and the court was right in dismissing the action.

Judgment affirmed.