## JESSIE A. NELSON v. AMERICAN RAILWAY EXPRESS COMPANY.[1]

January 5, 1923.

No. 23,173.

**Dislike of horse to back delivery wagon not proof that he is vicious.**

The finding that the horse that caused the injury was vicious is not sustained by the evidence.

Action in the district court for Hennepin county to recover $15,000 for injuries caused by the bite of a vicious horse. The case was tried before Montgomery, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the end of the testimony its motion for a directed verdict, and a jury which returned a verdict for $1,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Gilger & Babcock*, for appellant.

*Tautges & Wilder*, for respondent.

TAYLOR, C.

A pair of horses belonging to defendant and harnessed to a delivery wagon were standing at the curb on a business street in the city of Minneapolis 5 or 6 feet behind an automobile parked at the curb. Plaintiff started to cross the street, and, while passing between the horses and the automobile, was bitten on the arm by the nigh horse. The bite left the print of the horse's teeth on the arm

[1] Reported in 191 N. W. 405.

and caused it to turn black and blue and become sore and lame but did not break the skin. Plaintiff brought an action for damages and recovered a verdict. Defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

In order to recover it was necessary for plaintiff to prove that the horse was of a vicious character and that defendant had notice of his vicious propensities. 1 Dunnell, Minn. Dig. § 275, and citations. Defendant contends that there is no evidence which would justify the jury in finding the existence of either of these facts, and a careful examination of the record leads us to the conclusion that this contention must be sustained.

Plaintiff presented the testimony of three witnesses who had handled and driven the horse as employes of defendant, but who were not such employes at the time of trial. One of these was the driver of the horse at the time of the injury and had driven him for 8 months or more prior thereto. He testified that the horse disliked to back the wagon and when compelled to back he would bite the end of the neckyoke which the backing operation raised above its usual position, but further testified that this unwillingness to back the rig and the biting of the neckyoke while doing so was the only objectionable trait he had ever observed in the animal, and that he had never seen him bite or offer to bite any person or the other horse. He further testified that he had told an officer of the company that another employe, named Ertzgaard, had said that the horse bit him. Ertzgaard was called as a witness by plaintiff and testified that on one occasion he had taken the horses by the bits to swing them out of the way of another rig and while doing so had been bitten on the wrist by the off horse. He was positive it was not the horse on the nigh side, so this delinquency cannot be charged to the horse in question. The third witness called by plaintiff testified that he had never driven horses previously; that the only way he could make this team back the wagon into position was by taking them by the bits; and that while backing them in this manner this horse would snap at him unless he took hold of the bit so as to prevent it. These witnesses also testified that the

horse had the reputation of being "mean" to handle, but this always referred to the trouble experienced in making him back the wagon. The foregoing summarizes the purport of the evidence in behalf of plaintiff.

Defendant called several witnesses who had cared for, handled and driven the horse, and whose testimony was to the effect that he had never exhibited any vicious propensity. According to all the witnesses he was kind and gentle and gave no trouble while being driven or while standing on the streets, and his aversion to backing the wagon and his manner of making it known is not evidence of such viciousness as will render the owner liable for permitting him to stand in the street while the driver is making deliveries. Erickson v. Bronson, 81 Minn. 258, 83 N. W. 988.

Order reversed.