## RICHARD MARON v. WILLIAM MARCINIAK.[1]

November 27, 1925.

No. 24,858.

**Evidence insufficient to make defendant liable for vicious dog.**
> In order to make one who harbors a dog, liable in damages to one
> who is bitten by it, the evidence must show that the dog is vicious
> and that such person has knowledge thereof.

See Animals, 3 C. J. pp. 97, § 330; 104, § 340.

Action in the district court for Carlton county. The case was tried
before Kenny, J., and a jury which returned a verdict for $50. De-
fendant appealed from an order denying his motion for judgment
notwithstanding the verdict or for a new trial. Reversed with
directions to enter judgment for defendant.

*Fesenbeck & Yetka,* for appellant.

*G. V. Barron,* for respondent.

Wilson, C. J.

This action is brought by plaintiff for the benefit of his minor son
9 years of age. It is claimed that the child was bitten by a vicious
dog harbored by defendant and owned by his small son.

Plaintiff was given a verdict. Defendant appealed from an order
denying his alternative motion for judgment notwithstanding the
verdict or for a new trial.

The assignment of error challenges the sufficiency of the evidence.
The action sounds in tort and rests upon the theory that the de-
fendant knowingly kept a vicious dog and permitted it to run at
large. Plaintiff's evidence is sufficient to authorize the jury in
finding that the dog bit the child, though there is much evidence in
the case, to the effect that the injury was a scratch and not a bite.
For the purpose of attempting to show that the dog possessed the
propensity of viciousness, the plaintiff proved that the dog on

[1] Reported in 205 N. W. 894.

previous occasions had scratched three other small boys. The evidence establishes, however, beyond the peradventure of a doubt that the slight injuries resulting from the scratching were inflicted by the dog in play. The evidence is not convincing that the bite here involved was not inflicted by the dog in the same spirit. There is no evidence of growling, gnashing of teeth or barking. The dog was a large St. Bernard. Apparently with the approval of their parents, the children in the neighborhood played with him. The only reasonable inference which may be drawn from the evidence is that he was of an amiable disposition. The evidence does not fasten liability upon the defendant.

One who owns or harbors a dog is not liable for injury caused by it unless it is vicious, and notice of the fact that it is vicious is brought home to him. The gist of the action is that he neglects to confine or keep in control the dog known by him to be vicious and liable to attack and injure people, so as to prevent the risk of damage. Cuney v. Campbell, 76 Minn. 59, 78 N. W. 878; Erickson v. Bronson, 81 Minn. 258, 83 N. W. 988; Nelson v. Am. Ry. Ex. Co. 154 Minn. 165, 191 N. W. 405; Warrick v. Farley, 95 Neb. 565, 145 N. W. 1020, 51 L. R. A. (N. S.) 45. The previous vicious character of this dog is not established, and there is nothing in the case to show that defendant had any reason to anticipate that the dog would depart from the realm of domestic tranquility and respond to the call of the wild.

The motion for a directed verdict should have been granted. The order is reversed with directions to enter judgment for defendant.