WHITE v. SENS

(April 7, 1930.  Opinion and Decree.)
(May 5, 1930.  Rehearing Refused.)

344

M. C. Scharff, of New Orleans, attorney for plaintiff, appellee.

Geo. Montgomery, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Defendant appeals from a judgment condemning him to pay to plaintiff the sum of $318 as damages for injuries sustained by plaintiff as a result of being bitten by a dog belonging to or in the possession of the defendant.

There is some dispute as to the ownership of the dog, but no question of its having been in the possession and control of the defendant. So far as the liability of the defendant is concerned, it is immaterial. Reneau vs. Brown et al., 9 La. App. 375, 119 So. 445.

The rule in this state is to the effect that the owner of a domestic animal is not in general liable for an injury committed by it unless it be shown that it has knowledge of its vicious propensity. Gillespie vs. Blaise, 3 La. App. 59. However, the slightest fault or negligence on the part of the owner of the animal is sufficient to impose liability for its misconduct. De Lisle vs. Bourriague, 105 La. 77, 29 So. 731, 54 L. R. A. 420.

The dog involved in this case was of the species known as police dog which, according to some of the testimony in the record, is usually bad tempered and, at the particular time that the plaintiff was bitten, was nursing a litter of pups, a circumstance which is said to have aggravated its unpleasant disposition.

Defendant kept a small store and soft drink stand, and plaintiff, a customer, was bitten in the storeroom or the dining room of defendant which adjoined the store. The dog and puppies were kept in the dining room under the dinner table, and it is defendant's contention that plaintiff was bitten in the dining room where she had no right to be. The evidence on this point is conflicting, but it is certain that the dog had access to the storeroom, and we are inclined to believe that the plaintiff was bitten in the store, as she had no occasion to go in the dining room.

One of plaintiff's witnesses testified that she had been bitten by the dog prior to the biting of plaintiff. Defendant denies this and disclaims any knowledge of the vicious tendencies of the dog. He attributes plaintiff's injury solely to the recent parentage of the dog and its mistaken belief that some danger threatened its offspring. This explanation of defendant involves an admission that the dog was unusually irritable at the time plaintiff was bitten, and convicts him of negligence in permitting the dog to roam about his store exposing prospective purchasers to the danger of being bitten.

Our conclusion is that the defendant is liable.

On the question of quantum the lower court allowed $318; $18 of this amount was for medical expenses, $200 for pain, shock, fright, etc., and $100 for loss of wages. We believe this award to be excessive. It does not appear that any serious injury resulted from the bite, and plaintiff was unemployed at the time. We think $218 sufficient.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended by reducing the amount allowed plaintiff to $218, and as thus amended is affirmed.