ANDERSON v. D'INGIANNI

———

(April 27, 1931. Opinion and Decree.)
(May 11, 1931. Rehearing Refused.)

———

Judgment affirmed.

E. M. Stafford and Daniel Wendling, of New Orleans, attorneys for plaintiff, appellee.

Daly & Hamlin, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff alleges that on the 16th day of November, 1929, she entered the grocery store of the defendant; that she was attacked by a dog belonging to defendant and bitten just above her right ankle, four of the dog's teeth penetrating her flesh; that defendant was aware of the vicious character of the dog because, to his knowledge, it had bitten two other persons on previous occasions; that as a result of her injuries she was incapacitated for a period of four weeks and lost $40 in wages during that period; that she was treated at the Charity Hospital and suffered considerable pain, for which she asks $1,500.

Defendant answered, admitting the ownership of the dog, but denying knowledge of his vicious character, and averring that the plaintiff's injury was due to her imprudence in disregarding a warning sign reading "keep out" and in going behind defendant's counter toward a cash register, to which he had tied his dog, whereupon the dog, being excited by her proximity, bit her.

There was judgment below in plaintiff's favor in the sum of $760, and defendant has appealed.

The liability of owners of dogs and other domestic animals to persons who may be injured by coming in contact with them has been frequently discussed by this court. Perez-Sandi v. Berges, 12 La. App. 191, 125 So. 185; White v. Sens, 13 La. App. 343, 127 So. 413; Peyronnin v. Riley, 15 La. App. 393, 132 So. 235. Generally speaking, the bite and the ownership of the dog being conceded, there must be a showing of knowledge on the part of the defendant of the vicious propensity of the dog by reason of his having bitten other persons, or otherwise, before there can be any recovery. There is no difference of opinion between counsel in this case concerning the law applicable.

The evidence administered on behalf of plaintiff is to the effect that on at least two occasions defendant's dog had bitten other persons and that that fact was known to him; that the dog was roaming at large in defendant's store and bit plaintiff as she entered for the purpose of making a purchase.

On the other hand, defendant has testified that the dog was chained behind the counter for the purpose of protecting his cash register, and that the plaintiff was

bitten as she walked behind the counter and neared the cash register. Several other witnesses, who were in the habit of calling upon defendant for the purpose of selling him groceries, testified that they had seen the dog chained in the manner described by defendant and that they knew of no instance where he had bitten any one.

The trial judge was of the opinion that the evidence preponderated in favor of the plaintiff, and rendered judgment accordingly. We cannot say that in doing so he was clearly in error. On the contrary, viewing the evidence in the record in cold type, without the advantage of seeing and hearing the witnesses, which the judge enjoyed below, our opinion is that the issue of fact has been correctly determined.

Nor do we believe that the quantum of damages is excessive. Dr. Carter, who treated plaintiff, testified that she suffered no ordinary dog bite, but a severe one, with a deep laceration above the instep of the right leg, which became infected and caused the leg to swell. She was under his care for four or five months, during which time he stated that she suffered a great deal of pain. Defendant complains of a ruling of the trial court excluding certain testimony, the effect of which would have been to prove that plaintiff suffered from syphillis, or "lutic ulcer," which greatly prolonged her recovery. We believe the trial court was correct in excluding this testimony upon the ground given by him, to the effect that no such defense was made in the answer, and express no opinion as to the effect of the evidence if it had been properly before us.

For the reasons assigned, the judgment appealed from is affirmed.