## VICTORIA E. JUDD AND ANOTHER v. WALTER ZUPON AND OTHERS.

209 N. W. 2d 423.

July 13, 1973—No. 43692.

*Erickson & Casey* and *Carl E. Erickson,* for appellants.

*Fitzpatrick, Larson & Fitzpatrick* and *Thomas Fitzpatrick,* for respondents.

Heard before Knutson, C. J., and Peterson, Todd, and Mac-Laughlin, JJ.

PER CURIAM.

Plaintiffs appeal from an order denying them a new trial following a directed verdict against them in their action for injuries sustained as a result of cat bites.

Plaintiff Victoria E. Judd was scratched and bitten by two Siamese cats owned by defendants George and Christine Zupon and kept in the home of defendant Walter Zupon. The cats, both young mothers of new kittens, were nested in the basement. Plaintiff had come to the back door of the residence, and as she stepped into the entry the cats, who were coming up the interior stairway, attacked her legs. The only other incident in which either cat had scratched a person was when a neighbor child, a niece of Walter Zupon, had been scratched while playing with

them. Because the scratch had broken the skin of Zupon's niece, a tetanus shot was administered.

It was necessary for plaintiffs to prove that these Siamese cats were of vicious nature and that defendants knew that they were of such nature. Fake v. Addicks, 45 Minn. 37, 38, 47 N. W. 450, 451 (1890); Cuney v. Campbell, 76 Minn. 59, 78 N. W. 878 (1899); Clark v. Brings, 284 Minn. 73, 169 N. W. 2d 407 (1969); Matson v. Kivimaki, 294 Minn. 140, 200 N. W. 2d 164 (1972). The trial court ruled, as we held in Clark v. Brings, *supra*, that evidence of scratching while at play does not indicate a vicious propensity. That being the only incident, there was neither proof of a vicious character of the animal nor, of course, proof of scienter.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.