STEVEN FRITZ, BY AND THROUGH HIS FATHER AND NEXT
FRIEND, DENNIS L. FRITZ, APPELLANT, V. FRANCIS L. MARTEN
ET AL., APPELLEES.
225 N. W. 2d 418

Filed January 30, 1975. No. 39595.

Baird, Holm, McEachen, Pedersen, Hamann & Haggart, for appellant.

William J. Brennan, Jr., of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action by Dennis L. Fritz, as father and next friend of Steven Fritz, to recover damages for injuries to Steven inflicted by a cat owned by the defendants. The action was dismissed at the close of the plaintiff's evidence and the plaintiff has appealed.

The accident happened a little before noon on September 12, 1969. Steven was then approximately 2½ years old. Steven and his mother had been outside and Steven was playing in the driveway. Mrs. Fritz left Steven alone in the driveway while she went into the house for some personal reason. She testified she was in the house for 5 or 10 minutes at the most. When she came back outdoors she heard Steven crying and screaming. She found Steven sitting on a sidewalk in the defendant's back yard which is east of and adjacent to the Fritz property. The defendants' cat was sitting on the sidewalk near Steven. The right side of Steven's face which had been scratched was covered with blood. Steven told his mother the kitty had scratched him. Subsequent medical examination disclosed the cornea in Steven's right eye had been scratched resulting in a 71.4 percent loss of vision in that eye.

The defendants were not at home at the time of the accident. The cat had been ill that day so they had placed it outside the house. Later in the day they took the cat to a veterinarian.

On occasion Steven would play in the defendants' back yard with their children. The defendants did not object to Steven playing in their yard.

The plaintiff's theory of recovery was negligence. The petition alleged the defendants knew or should have known the cat had vicious propensities to attack children because it was ill. The particular acts of negligence alleged were: Placing the cat outside in an ill condition; leaving the cat unsupervised; and failing to warn Steven and his parents of the condition of the cat.

There was no evidence as to exactly how the accident happened. Steven was allowed to testify at the trial, on March 26, 1974, that the cat walked up to him, laid down, and scratched him in the eye. There is no other evidence of what happened at the time of the accident.

A veterinarian, called as a witness by the plaintiff, testified a cat which was ill "might or more likely"

would resent handling and might resist anyone handling it or around it. He also testified each cat behaves differently under different circumstances; that with some illnesses some cats would be more lethargic than others; and if a cat were abused he would react.

Ordinarily the existence of vicious or dangerous propensities in a domestic animal and knowledge of such propensities are indispensable to liability on the part of the owner. Huber v. Timmons, 184 Neb. 718, 171 N. W. 2d 794; Durrell v. Johnson, 31 Neb. 796, 48 N. W. 890. The evidence in this case did not show the defendants knew or should have known the cat had vicious or dangerous propensities, or as alleged in the petition, had vicious propensities to attack children because it was ill.

Huber v. Timmons, *supra*, involved the liability of the operator of a pony ride concession. In that case we said the owner of a domestic animal is charged with knowledge of the natural propensities of such an animal. The statement had reference to the duty of the operator of a concession to provide suitable handlers when furnishing pony rides for hire to children. White v. Sens, 13 La. App. 343, 127 So. 413, cited by the plaintiff, involved a dog bite to a customer in a store operated by the defendant. There was evidence in the White case that the dog was of a breed which was usually bad-tempered and it was unusually irritable at that time because it was nursing a litter of pups. Neither case is applicable here.

In order for the plaintiff to recover in this case it was necessary for the evidence to show with reasonable certainty the negligent act complained of. Vietz v. Texaco, Inc., 189 Neb. 514, 203 N. W. 2d 513. The evidence was such that a variety of inferences might have been drawn from the facts proved. Where several inferences may be drawn from the facts proved, which inferences are opposed to each other, but are equally consistent with the facts proved, the plaintiff may not sustain his position by

a reliance alone on the inference which would entitle him to recover.

The judgment of the District Court dismissing the action is affirmed.

AFFIRMED.

BRODKEY, J., not participating.