MAUDEL S. LEE, APPELLEE, v. GWEN S. WEAVER, APPELLANT.

237 N. W. 2d 149

Filed January 8, 1976. No. 40164.

Stephen A. Davis of Cassem, Tierney, Adams & Gotsch, for appellant.

David Herzog, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action for damages for personal injuries resulting from a cat bite. The plaintiff was employed to do domestic work in the defendant's home. On November 8, 1972, a house cat owned and kept by the defendant bit the plaintiff's right leg. Complications developed from the bite and the plaintiff became disabled. As a result of the injury the plaintiff required extensive medical treatment and hospitalization.

The defendant has appealed from a verdict and judgment in favor of the plaintiff in the amount of $14,000. The question presented is whether the evidence is sufficient to sustain the verdict on the issue of liability.

The cat which bit the plaintiff was a large 4-year-old male Abyssinian house cat that had been neutered. At

the time the injury occurred the plaintiff was alone in the kitchen washing dishes. The cat was near a broom closet playing with straw "or something." The door to the broom closet came open and the cat started growling and ran into the dining room. The cat then returned to the kitchen and attacked the plaintiff. The cat held on to the plaintiff's leg and she had some difficulty in dislodging it.

Ordinarily the existence of vicious or dangerous propensities in a domestic animal, such as the defendant's cat, and knowledge of such propensities are indispensible to liability on the part of the owner. Fritz v. Marten, 193 Neb. 83, 225 N. W. 2d 418. The petition alleged the cat was known by the defendant to be vicious and in the habit of attacking and biting people; and the defendant, being aware of the viciousness of the cat, negligently failed to warn the plaintiff.

The only evidence which tended to show the cat was vicious, and that the defendant knew the cat was vicious, was the plaintiff's testimony that the defendant had said the cat had bitten her on some prior occasion. There was no further evidence as to the circumstances on that occasion other than the fact of the bite. There was no other evidence the cat had bitten anyone at any time but there was evidence it had scratched the defendant when it was a kitten and was playing. The defendant denied that she had told the plaintiff she had been bitten by the cat.

There was evidence the cat would growl and run away when the plaintiff operated the vacuum cleaner and when the plaintiff used a broom the cat would growl and strike at the broom with its paw. This evidence, however, did not tend to show the cat was vicious or in the habit of attacking and biting people.

The plaintiff was required to prove that a person of ordinary prudence would have known of the animal's inclination to commit an injury of the type which occurred. While there are decisions that indicate evi-

dence of a previous bite is sufficient to raise a jury question and the circumstances of the previous injury are not essential, we believe the better rule is that evidence of a bite by a house cat on some prior occasion is not sufficient by itself to sustain a finding that the cat was vicious or dangerous and put the owner on notice that the cat was a vicious or dangerous animal. Evidence of provocation or that the cat was engaged in play when the bite occurred are important circumstances that must be considered in determining whether the animal should have been considered to be vicious or dangerous. See, Maxwell v. Fraze (Mo. App.), 344 S. W. 2d 262; Judd v. Zupon, 297 Minn. 38, 209 N. W. 2d 423. As stated in the Maxwell case, the bare fact of a prior bite does not of itself establish the vicious propensity of the dog. The circumstances surrounding the occasion of the biting and its extent demonstrate whether the incident of the prior bite is sufficient evidence or some evidence of a vicious propensity to inflict injury.

In Clark v. Brings, 284 Minn. 73, 169 N. W. 2d 407, a babysitter was attacked and bitten by a Siamese cat. In that case the Minnesota court held that evidence the cat had bitten a babysitter on a previous occasion, had scratched several members of the household, and was usually confined to the basement was not sufficient to raise a jury question. The previous bite had occurred when the babysitter and the children were playing with the cat by pulling a spool across the floor and the bite inflicted was "superficial." The court said that since the first injury had occurred when the cat was excited and provoked by play it was not evidence that the animal was vicious.

We conclude that the evidence is not sufficient to sustain the verdict on the issue of liability. The judgment is reversed and the cause remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.