Terry RYMAN, by Her Father and Natural Guardian, Harry Ryman, and Harry Ryman, Individually, Appellants,

v.

Jack ALT, Respondent.

No. 47506.

Supreme Court of Minnesota.

April 28, 1978.

David E. Essling, St. Paul, for appellants.

Murnane, Murnane, Conlin & White and John R. Hoffman, St. Paul, for respondent.

Heard before ROGOSHESKE, KELLY, and IRVINE, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Plaintiff Terry Ryman was bitten by a dog owned by defendant Jack Alt[1] while Alt was holding the dog on a chain. Terry and her father, plaintiff Harry Ryman, brought this action for damages. The case was submitted to the jury by special verdict and under instructions based upon the elements of the common-law scienter action requiring the jury to find that the dog had a vicious propensity known to Alt in order for plaintiffs to recover. Upon the jury finding of no vicious propensity, judgment was ordered for defendant. Plaintiffs appeal from a denial of their post-trial motion for a new trial and from the order for judgment,[2] alleging error in the trial court's instructions to the jury and seeking a new trial on a negligence theory pleaded in the complaint as well as on the scienter theory submitted to the jury. We hold that the trial court's instruction that a prior injury inflicted while the dog was at play could not of itself be evidence of a vicious propensity was erroneous and prejudicial. Accordingly, we reverse and remand for a new trial on all issues of liability raised in the pleadings.

1. Since Alt had died after this suit was commenced but before trial, a special representative of his estate was substituted to defend the suit, pursuant to stipulation. Alt's deposition was read into the record at the trial.

2. An order for judgment is not an appealable order; however, the appeal from the order denying a new trial is properly before this court. Rule 103.03, Rules of Civil Appellate Procedure.

The incident which gave rise to plaintiffs' claim occurred December 14, 1974, when Terry Ryman was 16 years old. She and her friend, Debra Eide, and Debra's husband, David, were driving back to St. Paul from a visit near Red Wing, Minnesota, when they stopped at the rural mobile home of Alt, Debra's father. Alt had just driven his car into his driveway ahead of them. He talked with Debra in the driveway for some time and then, according to conflicting testimony, invited either Debra alone or Debra, David, and Terry to come into his house.

When David and Terry got out of the car, Alt walked over and held his St. Bernard dog, which was chained near the driveway. A "Beware of Dog" sign was posted near the dog. The St. Bernard, standing on its hind legs, was about 4 feet tall and weighed about 85 pounds. David and Debra testified that Alt invited all of them to pet the St. Bernard, saying that it would not hurt or bite anyone and that he had a good grip on it so that it could not get loose. Alt denied that he invited anyone to pet the dog. Only Terry approached the dog. As she reached out to pet it, the dog leaped at her and broke loose from Alt's grip. It bit Terry's upper lip, tearing open the flesh and removing a portion of the lip. According to David's testimony, it then bit Alt on the hand. Debra testified that Alt "started cussing at the dog * * * [and] then he kicked it" and said, "I should have gotten rid of this dog because it bit me once before."

Terry was treated at Regina Memorial Hospital in Hastings, Minnesota, and then transferred to St. Paul-Ramsey Medical Center. Three plastic surgeries were later performed on her upper lip. As a result of the dog bite, Terry has a permanent facial deformity resembling a harelip.

Plaintiffs introduced evidence which included hospital records showing that on August 18, 1973, Alt had been treated and received stitches for two ¾-inch lacerations to his forearm caused by a bite from his dog. Alt testified that the lacerations occurred when he was playing with the dog with his arm in the dog's mouth and suddenly jerked his arm out of the dog's mouth. He testified that other than this incident the dog had never bitten anyone before.

The complaint alleged negligence by Alt. Counsel for both parties, however, agreed to a special verdict form and instructions submitting the case to the jury only on the common-law scienter rule requiring proof that the dog had a vicious propensity when it bit Terry and that Alt knew of the dog's vicious propensity.[3] Plaintiffs requested no instructions on simple negligence. At defendant's request, the trial court gave the following instruction:

> " * * * [I]f you find that the defendant's dog when defendant was first bitten in August 1973 was provoked or excited by play the incident *is not of itself evidence* of viciousness in the animal." (Italics supplied.)

Plaintiffs objected to the instruction and argued that, if given, the instruction should have read "is not necessarily evidence" rather than "is not of itself evidence." The jury found that the dog had no vicious propensity on or before the date it bit Terry and that Terry sustained damages in the amount of $45,000.[4] Judgment was accordingly ordered for defendant, plaintiffs' motion for a new trial was denied, and plaintiffs appeal.

■ Both parties acknowledge that under a common-law scienter action, long approved and applied in Minnesota, a person injured by a domestic animal such as a dog may recover from the animal's keeper for injuries inflicted by the animal only by proving that (1) the animal had a vicious propensity, and (2) the animal's keeper had notice of the vicious propensity. *Matson v.*

---

**3.** The case was submitted on a special verdict form requiring the jury to determine (1) whether the dog had a vicious propensity, (2) whether Alt was aware of such vicious propensity,

and (3) the amount of damages suffered by Terry Ryman.

**4.** Damages of $960 for medical expenses were stipulated for Harry Ryman, Terry's father.

*Kivimaki,* 294 Minn. 140, 200 N.W.2d 164 (1972) (dog); *Clark v. Brings,* 284 Minn. 73, 169 N.W.2d 407 (1969) (cat).[5] Although the parties have agreed that a common-law scienter action was proper in this case,[6] they disagree as to what evidence is sufficient under the scienter theory to prove that the dog had a vicious propensity.

Plaintiffs argue that the instruction to the effect that a prior injury inflicted while the dog was at play was not of itself evidence of viciousness was an erroneous statement of the law. We agree. We have in some cases upheld directed verdicts or ordered judgment for the animal owner where the only evidence of prior viciousness was proof that the animal had previously inflicted minor scratches or "nips" while at play. *Judd v. Zupon,* 297 Minn. 38, 209 N.W.2d 423 (1973); *Matson v. Kivimaki, supra; Clark v. Brings, supra; Maron v. Marciniak,* 165 Minn. 156, 205 N.W. 894 (1925). We have never held, however, that a previous serious injury could not of itself present evidence of viciousness as a matter of law because it was inflicted while the dog was at play. As we stated in *Clark v. Brings,* 284 Minn. 73, 82, 169 N.W.2d 407, 413:

> " * * * We would agree that it is the mere dangerousness of an animal's character, and not any intentional malevolence, which must be proved to render its owner liable—that the *'propensity is vicious if it tends to harm, whether manifested in play or in anger,* or in some outbreak of untrained nature which, from want of better understanding, must remain unclassified.' " (Italics supplied.)

The correct view of the law thus is that any serious prior injury or behavior by the animal tending to cause harm can of itself be sufficient evidence of a vicious or dangerous propensity, whether manifested in play or in anger. The common-law scienter action balances the rights of domestic animal owners and persons who may be injured by holding the keeper of an animal known to be dangerous responsible for injuries inflicted by the animal. *Anderson v. Anderson,* 259 Minn. 412, 107 N.W.2d 647 (1961); *Clark v. Brings, supra; Matson v. Kivimaki, supra.* It is the dangerousness of the animal that is at issue; whether the animal is dangerous when at play or when not at play is of little consequence to the purpose of the rule. Once a prior injury or behavior by the animal serious enough to present a jury question of dangerousness is proved, the fact that the animal may have inflicted the previous injury while at play is only one evidentiary factor to be evaluated by the jury in determining whether the animal has been shown to have a vicious propensity.

The trial court's instructions directed the jury's attention away from the seriousness of the wounds previously inflicted by defendant's St. Bernard and away from other evidence which the jury could properly have considered in determining whether the dog had a vicious or dangerous propensity. In so doing, the instruction was argumentative, stating what would properly have been a part of defense counsel's argument to the jury. The instruction given made the entire question of viciousness turn upon whether the dog was playing with defendant when it inflicted the lacerations to his forearm. It required the jury to find that the dog was not at play when it bit Alt in order to consider the previous bite as evidence of dangerousness. As such, we hold that the instruction was an erroneous statement of the law and its impact on the weight to be given the previous bite and other evidence relevant to the issue was prejudicial to plaintiffs, requiring a new trial limited to the issue of liability.[7]

5. See, also, *Judd v. Zupon,* 297 Minn. 38, 209 N.W.2d 423 (1973) (cat); *Anderson v. Anderson,* 259 Minn. 412, 107 N.W.2d 647 (1961) (bull); *Maron v. Marciniak,* 165 Minn. 156, 205 N.W. 894 (1925) (dog); *Maynard v. Keough,* 145 Minn. 26, 175 N.W. 891 (1920) (dog).

6. Counsel for the parties stipulated before trial that since the injury here occurred in a rural area Minn.St. 347.22, creating strict liability for certain injuries inflicted by a dog in an urban area, was not applicable.

7. Defendant has not challenged the jury's award of damages.

Plaintiffs also specifically request this court to rule that upon retrial they may recover for the injuries inflicted upon Terry by Alt's dog by proving Alt was negligent in failing to restrain the dog after inviting Terry to pet it. Negligence, they argue, should be a sufficient basis for recovery without the need to establish that the animal had a vicious propensity known to the animal's owner.

Contrary to the apparent, but erroneous, assumption of plaintiffs, the scienter action has never been held the exclusive basis of recovery for injuries inflicted by a domestic animal in Minnesota. On several occasions, we have recognized a cause of action for injuries inflicted by a domestic animal based entirely upon the negligence of the animal's owner or keeper. See, e. g., *Rosenthal v. Hill Top Riding Academy, Inc.*, 261 Minn. 88, 110 N.W.2d 854 (1961); *Lee v. Seekins*, 208 Minn. 546, 294 N.W. 842 (1940) (negligence claim recognized although recovery denied); *Wedel v. Johnson*, 196 Minn. 170, 264 N.W. 689 (1936). Cf. *Harris v. Breezy Point Lodge, Inc.*, 238 Minn. 322, 56 N.W.2d 655 (1953); *Lane v. Minnesota State Agricultural Soc.*, 62 Minn. 175, 64 N.W. 382 (1895). See, also, *McAbee v. Daniel*, 60 Tenn.App. 239, 445 S.W.2d 917 (1968).

A plaintiff who believes his proof may be adequate to establish negligence by the animal's keeper may also proceed under the common-law scienter theory. The scienter action is not based on negligence; once the animal's dangerousness and the keeper's scienter are proved, liability follows unless the person injured voluntarily and knowingly assumed the risk of injury. *Anderson v. Anderson, supra; Clark v. Brings, supra; Matson v. Kivimaki, supra.* The gravamen of the tort for which recovery is allowed is simply the *keeping* of an animal known to be vicious. *Anderson v. Anderson, supra.* Scienter actions for injuries by domestic animals seem more numerous than negligence actions, perhaps because many such injuries occur while the animal's keeper is not present and proof of negligence may be difficult.

Plaintiffs here appropriately pleaded negligence. If their proof is adequate to show Alt was negligent, they may recover without showing viciousness of the dog and scienter. Conversely, recovery may be had absent proof of negligence by showing that the dog had a vicious propensity known to Alt. The case is remanded for retrial of all controverted issues of liability under appropriate instructions in accordance with this opinion.

Reversed and remanded.

OTIS, J., took no part in the consideration or decision of this case.